UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NERVIN CORONADO, <br> Petitioner, <br><br> — against — <br><br> UNITED STATES OF AMERICA, <br> Defendant. | **17-cv-2579 (ARR)** <br><br> **Opinion and Order** <br><br> **Not for electronic or print publication** |

ROSS, United States District Judge:

Petitioner, Nervin Coronado, brings a motion through newly obtained counsel for reconsideration of this Court's July 17, 2017 order denying his pro se 28 U.S.C. § 2255 petition. Coronado's new counsel argues that, in ruling that the government did not breach the plea agreement, the Court erred by misinterpreting the language of the plea agreement and by relying upon inapposite case law. For the reasons that follow, his motion is denied as beyond the scope of a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

Rule 60(b) lists five specific grounds for relief from a judgment or order, along with "any other reason that justifies relief." Here, petitioner asks for relief from this court's decision on the first one—"mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "As an equitable remedy, Rule 60(b) 'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case.'" *Rodriguez v. United States*, 164 F. Supp. 3d 561, 565 (S.D.N.Y. 2016) (alteration in original) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). However, although Rule 60(b) applies to habeas proceedings, it does so only subject to the strictures of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and its limitations on second or successive petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–36 (2005) (explaining the application of Rule 60(b) to § 2254 petitions).

In *Gonzalez*, the Supreme Court held that, in the habeas context, any pleading that presents a "claim," even if "labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* at 530–31 . The Court specified that a motion "bring[s] a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." *Id.* at 532 (emphasis in original) (footnote omitted). On the other hand, a Rule 60(b) motion can properly be brought in the habeas context where the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* Since such a motion does not present a claim, "there is no basis for contending that [it] should be treated like a habeas corpus application." *Id.* at 533.

Although *Gonzalez* explicitly limited its holding to habeas petitions brought under 28 U.S.C. § 2554 rather than 28 U.S.C. § 2255 because the language of the two statutes, although similar, "is not identical," *id.* at 529 n.3, there is no principled reason to distinguish between the two here. The minor differences in wording between the portion of § 2255 dealing with second or successive petitions and the analogous portion of § 2254 are a distinction without a relevant difference. *Compare* 28 U.S.C. § 2255(h), *and* 28 U.S.C. § 2244(a), *with* 28 U.S.C. § 2255, *and* 28 U.S.C. § 2244(b). There is nothing in the statutory language that suggests that the meaning of the term "successive petition" is any different under § 2255 than under § 2254. Moreover, virtually every federal court to deal with the issue— including every court of appeals—has held that *Gonzalez* applies equally to the context of § 2255 petitions. *See, e.g.*, *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011); *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *In re Nailor*, 487 F.3d 1018, 1021–23 (6th Cir. 2007); *United States v. Nelson*, 465 F.3d 1145, 1147–49 (10th Cir. 2006); *Rodriguez*, 164 F. Supp. 3d at 565; *Schwamborn v. United States*, 507 F. Supp. 2d 229, 240 (E.D.N.Y. 2007). *But see Parke v. United States*, No. 5:97-CV-526 (NPM), 2006 WL 3051775, at *3 (N.D.N.Y. Oct.

20, 2006) (declining to extend *Gonzalez* to the context of § 2255 petitions).

Under *Gonzalez*, petitioner's motion for reconsideration is in effect a successive habeas petition in disguise because it is an attack on this Court's "resolution of a [habeas] claim on the merits." 545 U.S. at 532. Coronado implicitly acknowledges that a Rule 60(b) motion must "challeng[e] the 'integrity'" of the prior habeas proceeding to avoid the bar on relitigating the denial of a habeas petition via a Rule 60(b) motion. The only way he does so, however, is by arguing that this Court's prior ruling that the government did not breach the plea agreement was "clear error." *See* Reply Br. in Supp. of Pet'r's Mot. for Recons. ("Petitioner's Reply Br."), ECF No. 19, at 4–5. Even the "newly discovered evidence" that petitioner points to, *id.* at 3–5, is only that the government recently revised the standard language of its plea agreements. *See* Mem. of Law in Supp. of Pet'r's Mot. for Recons. ("Petitioner's Br."), ECF No. 17-1, at 4, 8. While this change in language may be relevant to the question of how to interpret the language of petitioner's plea agreement, the principal thrust of petitioner's argument remains that this Court misinterpreted the plain language of the plea agreement and the applicable law. *See id.* at 4–15. But an argument that the Court got it wrong—or even clearly wrong—does not mean that there was something fundamentally unfair about the prior § 2255 proceeding or that this proceeding otherwise lacked integrity. *Cf. Rodriguez v. Mitchell,* 252 F.3d 191, 199 (2d Cir. 2001) (holding that a Rule 60(b) motion "relate[d] to the integrity of a federal habeas proceeding" and was thus not a successive habeas petition where petitioner claimed that "Mort, his state trial attorney, made fraudulent representations to the federal district court and that the respondent fraudulently concealed that respondent had deposed Mort."); *Claudio v. Portuondo*, No. 01-CV-5180 (RJD), 2014 WL 1347185, at *4 (E.D.N.Y. Mar. 31, 2014) (finding that petitioner's claim that prior § 2254 proceeding was unfair because respondent did not provide the complete trial record could be brought as a Rule 60(b) motion); *Graves v. Smith*, 811 F. Supp. 2d 601, 607 (E.D.N.Y. 2011) (holding that a Rule 60(b) motion was not a successive habeas petition in disguise because "[r]ather than questioning the merits of this

3

court's original decision, petitioner argues that the court's procedures—i.e., its failure to conduct a full evidentiary hearing—did not adequately protect his right to due process.").

Moreover, even if *Gonzalez* did not apply in the § 2255 context, petitioner's Rule 60(b) motion would fail for similar reasons under Second Circuit precedent. In *Rodriguez v. Mitchell*, a case he relies upon, *see* Petitioner's Reply Br. at 4, the Second Circuit held "that a Rule 60(b) motion to vacate a judgment denying habeas is not a second petition under § 2244(b)." 252 F.3d at 200. But the Second Circuit subsequently limited this holding in *Harris v. United States*, explaining that "relief under Rule 60(b) is available for a previous [§ 2255] proceeding *only* when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." 367 F.3d 74, 77 (2d Cir. 2004) (emphasis added).[1] While *Harris* did not elaborate on what it means to "attack[] the integrity of the previous habeas proceeding," it made clear that it was not enough that counsel had been ineffective in failing to advance certain arguments in the habeas proceeding. *See id.* Because "a habeas petitioner has no constitutional right to counsel in his habeas proceeding," he or she must show more than ineffective assistance of counsel "to be successful under Rule 60(b)(6)." *Id.* Here, Coronado cannot do so. While his initial § 2255 motion was pro se, it clearly and concisely raised the legal grounds for his motion; certainly, pro bono counsel's development of this argument was more nuanced and persuasive but, even where there is a right to counsel, there is no right to excellent

---

[1] Generally, it may be questionable whether a Second Circuit panel can narrow the holding of a prior panel because "a panel of this Court is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir. 2014) (internal quotation marks and citations omitted). But, here, to the extent that *Rodriguez v. Mitchell* is read as holding that a Rule 60(b) motion should never be treated as a successive habeas petition, this holding has been abrogated by the Supreme Court's decision in *Gonzalez v. Crosby*. Indeed, because both *Gonzalez* and *Mitchell* involved § 2254 petitions, there is little room to distinguish the cases.

In any event, even if its holding had not been limited by *Harris* and *Gonzalez*, a close read of *Rodriguez v. Mitchell* does not support petitioner's position here. *Mitchell* held that the Rule 60(b) motion was not a successive petition because granting this motion "would merely reinstate the previously dismissed petition for habeas, opening the way for *further proceedings* seeking *ultimately* to vacate the conviction." 252 F.3d at 198 (emphasis added). Here, however, Coronado's Rule 60(b) motion is seeking the exact same remedy as his § 2255 petition—specific performance of the plea agreement or vacatur of his conviction. *See* Petitioner's Br. at 17.

4

counsel. And, as discussed above, petitioner does not provide any other reason to doubt the integrity of the prior habeas proceeding. Therefore, this Court cannot grant him relief via a Rule 60(b) motion.

In sum, since Coronado's motion is effectively a successive habeas petition, it can only entertained by this Court if the Second Circuit first certifies that it contains "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h). No such certification is present here. Accordingly, this Court cannot reach the merits of petitioner's Rule 60(b) motion.

*Harris* gives district courts "two procedural options" when confronted with what amounts to a successive § 2255 petition in the guise of a Rule 60(b) motion: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition" and transfer it to the Second Circuit "for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" 387 F.3d at 82 (quoting *Gitten v. United States*, 311 F.2d 529, 534 (2d Cir. 2002)). This Court will take the second option and deny petitioner's motion with prejudice as beyond the scope of Rule 60(b). *See Rodriguez*, 164 F. Supp. 3d at 567; *Yuzary v. United States*, No. 04 Civ. 2809 (RPP), 2007 WL 4276864, at *5 (S.D.N.Y. Nov. 30, 2007). Undoubtedly, this is a harsh result given that Coronado is seeking reconsideration of a § 2255 motion he filed without the "guiding hand of counsel," *Gideon v. Wainwright*, 372 U.S. 335, 345 (1963), now that he has obtained pro bono counsel, but it is the result required by Supreme Court and Second Circuit precedent.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:   December 19, 2017
         Brooklyn, New York